IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

| | |
|---|---|
| BAZIL HAYNES, JR., individually and on behalf of others similarly situated, ) ) ) Plaintiff, ) ) v. ) ) BDR LOOPERS (d/b/a B.D.R. LOOPERS & CLIPS, INC., and/or BDR LOOPERS AND MACHINERY, INC.), and STEPHANIE BREWER, ) ) ) ) ) ) Defendants. ) | CIVIL ACTION NO. _____ |

## COMPLAINT

COMES NOW the Plaintiff Bazil Haynes, Jr. ("Haynes" or "Plaintiff"), by and through undersigned counsel, and files this Complaint showing the Court as follows:

1.

Plaintiff brings this lawsuit individually, and as a collective action pursuant to 29 U.S.C. § 216(b) on behalf of all other current and former hourly paid employees who did not receive the required overtime premium pay for hours worked over forty in a work week during the relevant period (collectively, the "Similarly Situated Employees"), against Defendants BDR Loopers (d/b/a B.D.R.

Loopers and Clips, Inc., and/or BDR Loopers and Machinery, Inc.) ("BDR" or "Defendant"), and Stephanie Brewer ("Brewer" or "Defendant") (collectively "Defendants") to recover overtime pay, liquidated damages, prejudgment interest, costs, and attorney's fees under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq. Plaintiff hereby files with the Court his "Opt-in Consent" to join this collective action under 29 U.S.C. § 216(b) by attaching it hereto as Appendix A.

## Parties

2.

Plaintiff has worked for BDR within this judicial district as a machinist within the period beginning three years prior to the filing date of this Complaint (the "relevant period").

3.

As reflected in the corporate filings contained on the Georgia Secretary of State's website, B.D.R. Loopers & Clips, Inc. is a Georgia corporation having its principal place of business at 1021 South Hamilton Street, Dalton, Georgia 30720, and may be served with process through its registered agent, Stephanie Brewer, at the registered agent address listed on the Georgia Secretary of State's website, 235 Magnolia Court, Summerville, Georgia 30747, located within this judicial district.

4.

As reflected on the company's website at http://www.bdrloopersinc.com, BDR Loopers and Machinery Inc. has its principal place of business at 1021 South Hamilton Street, Dalton, Georgia 30720, located within this judicial district.

5.

Stephanie Brewer is a Georgia resident and may be served at her business address of 1021 South Hamilton St., Dalton, GA 30720; at her address that she provided on B.D.R. Loopers & Clips, Inc.'s March, 21, 2012 annual registration of 224 River Road, Lyerly, Georgia 30730, or at her residential address which is, upon information and belief, 1280 Bee Parsons Road, Chatsworth, GA, 30705, located within this judicial district.

**Jurisdiction and Venue**

6.

Pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b), this Court has original jurisdiction over the claims set forth in this Complaint which arise under the FLSA.

7.

BDR employed Plaintiff (and employs others) in this judicial district, and B.D.R. Loopers & Clips, Inc. is registered to transact business in the State of

Georgia and has as its principal office address P.O. Box 368, Lyerly, GA 30730 as reported in its 2012 annual registration with the Georgia Secretary of State, and its principal physical office address of 1021 South Hamilton St., Dalton, GA 30720.

8.

BDR is an enterprise engaged in commerce or in the production of goods for commerce for purposes of the Fair Labor Standards Act ("FLSA"), having employees engaged in commerce or in the production of goods for commerce, and/or having employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, and has (and had during the relevant period) annual gross revenues in excess of $500,000.

9.

Plaintiff and the Similarly Situated Employees were subject to similar pay practices and each were at all times during the relevant period an "employee" of BDR entitled to the protections of the FLSA pursuant to 29 U.S.C. §§ 203(e) & 207(a), and BDR is and was at all times during the relevant period an "employer" under the FLSA.

10.

During the relevant period, Brewer: (i) was an owner and principal of BDR, (ii) was the Chief Executive Officer of BDR, (iii) was a person acting directly or indirectly in the interest of BDR in relation to Plaintiff and the Similarly Situated Employees, (iv) had the power to hire and fire Plaintiff and the Similarly Situated Employees, supervise and control the work schedules or conditions of employment of Plaintiff and the Similarly Situated Employees, determine the rate and method of pay of Plaintiff and the Similarly Situated Employees, and maintain employment records of Plaintiff and the Similarly Situated Employees, (v) was responsible for payment of wages to Plaintiff and the Similarly Situated Employees, and (vi) was a corporate officer with operational control of the corporation's covered enterprise.

11.

Brewer may therefore be held liable in her individual capacity as an "employer" for BDR's failure to pay overtime compensation to Plaintiff and the Similarly Situated Employees in violation of § 207 of the FLSA.

12.

Throughout the relevant period, Plaintiff was engaged in commerce and/or engaged in the production of goods for commerce for BDR.

13.

Throughout the relevant period, the Similarly Situated Employees were engaged in commerce and/or engaged in the production of goods for commerce for BDR.

14.

Throughout his employment with BDR, Plaintiff directly participated in the actual movement of persons or things in interstate commerce while working for BDR, which was an instrumentality of interstate commerce, and/or by regularly using the instrumentalities of interstate commerce in his work.

15.

Throughout their employment with BDR, the Similarly Situated Employees directly participated in the actual movement of persons or things in interstate commerce while working for BDR, which was an instrumentality of interstate commerce, and/or by regularly using the instrumentalities of interstate commerce in their work.

## Facts Related To All Counts

16.

BDR has paid Plaintiff, and the Similarly Situated Employees, by the hour throughout their employment.

17.

Based on their job duties and hourly compensation, Plaintiff and the Similarly Situated Employees have been hourly paid non-exempt employees under the FLSA throughout the relevant period.

18.

On numerous occasions during the relevant period, BDR suffered or permitted Plaintiff, and the Similarly Situated Employees, to work more than 40 hours in a work week without receiving overtime compensation at the rate of time-and-a-half the properly calculated regular rate for hours worked over 40 under the FLSA -- i.e., the regular rate inclusive of hourly rate and all other compensation (including but not limited to non-discretionary bonuses) not otherwise excludable under 29 U.S.C. § 207(e) ("regular rate").

19.

As an illustrative but non-exhaustive example, according to a payroll record in Plaintiff's possession, when Plaintiff worked 47 hours for the pay period November 13-19, 2011, BDR paid Plaintiff at only his straight non-overtime hourly rate for that pay period of $17.00 for all 47 hours worked, and an "On time bonus" of $.50 for 40 hours (total: $20.00), resulting in gross wages paid November 23, 2011 in the amount of $799.00 for 47 hours and $20.00 for "On

time bonus," without payment of any additional premium for overtime hours worked.

20.

Despite being aware that the maximum hours provisions of the FLSA applied to Plaintiff and the Similarly Situated Employees and required payment of overtime compensation to Plaintiff and the Similarly Situated Employees at time-and-a-half the regular rate for all hours worked over 40 in a work week, BDR violated the FLSA by not paying Plaintiff and the Similarly Situated Employees overtime compensation at the rate of time-and-a-half the regular rate for all hours worked over 40 in a work week, and by not paying liquidated damages for overtime not timely paid in each paycheck for the applicable pay period.

21.

Upon information and belief, BDR has failed to keep all records required by 29 U.S.C. § 211(c) regarding the wages, hours, and other conditions of employment of Plaintiff and the Similarly Situated Employees, for the time period required by law.

## Count 1: FLSA

22.

Plaintiff incorporates herein the allegations contained in the preceding paragraphs.

23.

BDR failed to pay Plaintiff, and the Similarly Situated Employees, the overtime compensation owed under, and in the manner required by, the FLSA for all hours worked over forty in a work week during the relevant period.

24.

BDR's violations of the FLSA as alleged herein were willful.

25.

Plaintiff, and the Similarly Situated Employees, are entitled to a judgment and recovery of back overtime pay at the rate of time-and-a-half regular rate for all hours worked over 40 in a work week, in addition to an equivalent amount as liquidated damages and prejudgment interest if liquidated damages are not awarded in full, in addition to attorney's fees and costs, pursuant to 28 U.S.C. § 216(b).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that this Court enter a judgment in his favor and:

1. Award Plaintiff and the Similarly Situated Employees their back overtime pay at time-and-a-half regular rate for all hours worked over 40 in a work week during the relevant period, and an equivalent amount as liquidated damages and prejudgment interest if liquidated damages are not awarded in full;

2. Award Plaintiff and the Similarly Situated Employees their costs and attorney's fees; and

4. Grant such further other and further relief as the Court finds just and proper in this action.

PLAINTIFF DEMANDS A TRIAL BY JURY.

Respectfully submitted this 19th day of April, 2013.

          *s/ C. Andrew Head*
          Georgia Bar No. 341472
          Attorneys for Plaintiff
          Fried & Bonder, LLC
          White Provision, Ste. 305
          1170 Howell Mill Rd, NW
          Atlanta, Georgia 30318
          (404) 995-8808
          (404) 995-8899(facsimile)
          Email: ahead@friedbonder.com